IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE OTIS HARRIS, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:18-cv-1508-S (BT) |
| § | |
| LORIE DAVIS, *Director,* TDCJ-CID § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Willie Otis Harris, a Texas prisoner, filed a *pro se* motion for relief from judgment under Fed. R. Civ. P. 60(b). For the following reasons, the motion be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and be transferred to the Fifth Circuit Court of Appeals as successive.

I.

In 1992, Petitioner pled guilty to murder, as well as four separate charges of aggravated robbery, and was sentenced to 30 years' imprisonment. *Harris v. State*, Nos. F91-45092, F91-45093, F91-45123, F91-70666, and F91-70667, (194th Judicial. District Court, Dallas County, 1992), *aff'd*, 05-92-01377-CR, 05-92-01378-CR, 05-92-01379- CR, 05-92-01380-CR, & 05-92-01381-CR, 1993 WL 378125 (Tex. App.—Dallas, Sept. 21, 1993, pet. ref'd). Petitioner unsuccessfully challenged his convictions in various state and federal habeas proceedings. *See Harris* v. *Johnson,* No. 3:97-cv-0053-D (N.D. Tex. Mar. 24, 1998), *COA denied,*

1

No. 98-10507 (5th Cir. Oct. 26, 1998) (denying habeas relief); *Harris v. Quarterman*, No. 3:09-cv-1060-O, 2009 WL 2254261 (N.D. Tex. Jul. 28, 2009) (dismissing successive federal petition without prejudice), *COA denied*, 09-10946 (5th Cir. 2010); *Harris v. Thaler*, No. 3:11-cv-3402-M-BK, 2012 WL 537607(N.D. Tex. Feb. 17, 2012) (accepting recommendation and transferring successive federal petition to the United States Court of Appeals for the Fifth Circuit), *COA denied*, No. 12-10197 (5th Cir. Mar. 30, 2012); *Harris v. Stephens*, No. 3:14-cv-649-L-BK, 2014 WL 1318450, (N.D. Tex. Mar. 28, 2014) (accepting recommendation and transferring successive federal petition to the United States Court of Appeals for the Fifth Circuit), *COA denied*, No. 14-10357 (5th Cir. Jul. 28, 2014).

On June 7, 2018, Petitioner filed the instant Rule 60(b) motion. He argues the trial court lacked subject matter jurisdiction, rendering his convictions void. A Rule 60(b) motion which raises claims for relief, rather than challenging defects in the federal habeas corpus proceeding, is treated as a successive habeas corpus petition subject to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY

2

ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III.

Petitioner's Rule 60(b) motion should be CONSTRUED as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and the petition should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed September 13, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).